UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.L.M., by and through her Guardian ad Litem, ALMA FLORES,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; SCRIPPS HEALTH; EDEN PEREZ, M.D.; and DOES 1–100,<br><br>                              Defendants. | Case No.: 22-CV-507 JLS (WVG)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS AND *SUA SPONTE* REMANDING ACTION**<br><br>(ECF No. 5) |

Presently before the Court is the United States of America's (the "United States") Motion to Dismiss ("Mot.," ECF No. 5). No opposition to the Motion has been filed. For the reasons that follow, the Court **GRANTS** the United States' Motion both pursuant to Civil Local Rule 7.1(f)(3)(c) and for lack of subject-matter jurisdiction and *sua sponte* **REMANDS** the remainder of this action to state court.

## BACKGROUND

On November 4, 2021, Plaintiff, by and through her guardian ad litem, initiated the instant action in the Superior Court of the State of California, County of San Diego, alleging a single claim of professional negligence against Scripps Health; Mythanah Dinh, D.O.; San Ysidro Health; Jennifer Colleen Trujillo, D.O.; Eden Perez, M.D.; Abiade

Christopher Short, M.D.; Azita Aslian, M.D.; Scott Edward Musinski, M.D.; and unnamed Doe defendants. *See generally* ECF No. 1-2 ("Compl."). On April 13, 2022, the United States removed the action pursuant to 42 U.S.C. § 233(c) on the basis that San Ysidro Health and its employed or licensed physicians Mythanah Dinh, D.O.; Jennifer Colleen Trujillo, D.O.; Abiade Christopher Short, M.D.; Azita Aslian, M.D.; and Edward Musinski, M.D. (collectively, the "FTCA Defendants"), are covered by the Federal Tort Claims Act (the "FTCA"). *See generally* ECF No. 1. The United States filed a Notice of Substitution, *see* ECF No. 2, and Amended Notice of Substitution, *see* ECF No. 3, pursuant to which the Court issued an Order of Substitution of the United States in place of the FTCA Defendants, *see* ECF No. 4. Thereafter, the United States filed the instant Motion.

**DISMISSAL PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The hearing for the present Motion was set for May 26, 2022, at 1:30 p.m.; thus, any opposition was due on May 12, 2022.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in

opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Plaintiff has not provided any excuse for her failure to timely file an opposition to the present Motion. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend her case. Further, Plaintiff is represented by an attorney and nonetheless has failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendants if it dismisses the United States from this matter. In fact, the United States has requested the dismissal. Thus, this factor also weighs in favor of dismissal. As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. On May 20, 2022, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 6. In that Order, the Court noted that no opposition had been filed. *See id.* Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal as well.

Finding that the *Ghazali* factors weigh in favor of granting the United States' unopposed Motion, the Court **GRANTS** the United States' Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

# DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

The Court additionally finds it appropriate to grant the United States' Motion based on this Court's lack of subject-matter jurisdiction. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted). Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). "The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (citing *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995)).

Pursuant to 42 U.S.C. § 233(c):

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding

deemed a tort action brought against the United States under [the FTCA].

Section 2675(a) of the FTCA requires any claimant to first file a claim with the appropriate federal agency and await final denial before commencing a civil action—in other words, the claimant must first exhaust her administrative remedies. 28 U.S.C. § 2675(a); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). The section 2675(a) requirement "is jurisdictional in nature and may not be waived." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (citations omitted). Actions filed prior to presentation of the claim to the agency, final denial of the claim by the agency, or allowing six months to elapse from the date of filing of the administrative claim fail to meet this requirement and are properly dismissed for lack of subject-matter jurisdiction. *See id.* Importantly, "[f]ederal jurisdiction under the FTCA is determined at the time of removal." *D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017). Accordingly, "a prematurely filed FTCA claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before 'substantial progress' has occurred in the case." *Id.* at 1245 (citing *McNeil v. United States*, 508 U.S. 106, 110 (1993)).

In its Motion, the United States notes that, "[a]s of April 6, 2022, Plaintiff had not presented an administrative claim to the Department of Health and Human Services." Mot. at 5 (citing *id.* Ex. 1). The United States provides the sworn declaration of Meredith Torres, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services, in support of this statement. *See generally id.* Ex. 1. Accordingly, because Plaintiff has not exhausted her administrative remedies, this Court lacks subject-matter jurisdiction over this action. Thus, the Court **GRANTS** the United States' Motion and must dismiss this action as to the United States pursuant to Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *Mota v. Tri-City Healthcare Dist.*, Case No. 3:18-cv-02775-AJB-NLS, 2019 WL 1546953, at *2 (S.D. Cal. Apr. 5, 2019).

/ / /

/ / /

**REMAND OF REMAINDER OF ACTION**

Having dismissed the United States from this action, only Scripps Health; Eden Perez, M.D.; and the Doe defendants remain in this action. Plaintiff asserts only a single state law claim against them. *See generally* Compl.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937–38, *as amended* 350 F.3d 916 (9th Cir. 2003) (holding that section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . [points] toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, the Court concludes that considerations of judicial economy, fairness, and comity weigh against this Court's exercise of supplemental jurisdiction. Accordingly, the Court **REMANDS** this action to the Superior Court of the State of California, County of San Diego. *See Medina v. United States*, No. 120CV01030AWISKO, 2020 WL 6544497, at *2 (E.D. Cal. Nov. 6, 2020) (following dismissal of FTCA claims against the United States, declining to exercise supplemental jurisdiction over remaining state law claims and remanding remainder of action).

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** the United States' Motion (ECF No. 5) and **DISMISSES WITHOUT PREJUDICE** this action as to the United States. The Clerk of the Court **SHALL REMAND** the remainder of this action to the Superior Court

of the State of California, County of San Diego.  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

     **IT IS SO ORDERED.**

Dated:  June 16, 2022

Hon. Janis L. Sammartino
United States District Judge